```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ALTON L. LAWSON, SR.

                Plaintiff,

      -against-                        MEMORANDUM AND ORDER
                                       08-CV-321 (JS) (WDW)

LEA RUSKIN, MARSHALL TRAGER,
ROBERT OWENS, JOSEPH LOPICCOLO,
ALAN HONOROFF, and JOHN AND JANE
DOE,
                Defendants.
--------------------------------X
APPEARANCES:
For Plaintiff:          Alton L. Lawson, Sr., Pro Se
                        08R0058
                        Ogdensburg Correctional Facility
                        One Correction Way
                        Ogdensburg, NY 13669

For Defendants:         No appearance
```

SEYBERT, District Judge:

Pro se Plaintiff Alton L. Lawson, Sr. ("Plaintiff") commenced this action on January 11, 2008 against the Honorable Lea Ruskin ("Judge Ruskin") pursuant to 42 U.S.C. § 1983 ("Section 1983"). By Order dated February 12, 2008 ("February Order"), the Court granted Plaintiff permission to proceed in forma pauperis but dismissed the Complaint based on, among other things, absolute judicial immunity and the fact that Plaintiff failed to include other purported defendants in the caption of the Complaint. The Court, however, granted Plaintiff leave to file an Amended Complaint. Pending before the Court is Plaintiff's proposed

Amended Complaint, filed on March 25, 2008, against Lea Ruskin,[1] Marshall Trager ("Trager"), Robert Owens ("Owens"), Joseph Lopiccolo ("Lopiccolo"), Alan Honoroff ("Honoroff"), and John and Jane Doe. The Amended Complaint is also brought pursuant to Section 1983.

BACKGROUND

At the outset, the Court notes that the facts alleged in the Amended Complaint are almost identical to those alleged in the initial Complaint. Both the Amended Complaint and the Complaint include claims of retaliation for a previously filed civil suit for malicious prosecution, violation of Plaintiff's Sixth Amendment right to counsel of his choosing, and violation of Plaintiff's speedy trial rights and right to a felony hearing. In addition, the Amended Complaint alleges that Plaintiff was denied the right to be heard on a "Motion to Vacate Judgment and Set Aside Sentence" because "the Judge," who Plaintiff alleges is "a friend of theirs," failed to recuse herself and denied Plaintiff's motion before the District Attorney filed an opposition. (Am. Compl. ¶ 6.)

Plaintiff seeks monetary damages of 65 million dollars.

---

[1] The Court notes that in the Amended Complaint, Plaintiff excludes the word "Honorable" before Judge Ruskin's name. The exclusion of "Honorable," however, does not preclude the application of absolute judicial immunity where the actions complained of were taken in the course of the judge's official duties.

DISCUSSION

I.  Application Of The Prisoner Litigation Reform Act

The 1996 Prisoner Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii).  The Court is required to dismiss the action as soon as it makes such a determination.  See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se complaint liberally.  See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 2200 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint.  See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  Rule 8 of the Federal Rules of Civil

Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal. See Alfaro Motors, 814 F.2d at 887.

Although Plaintiff has properly named the intended Defendants in the caption of the Amended Complaint, the body of the Amended Complaint, once again, fails to successfully state a claim pursuant to Section 1983 against such Defendants.

II. 42 U.S.C. § 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was

4

attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. New York, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Complaints that allege Section 1983 violations must have specific allegations of fact indicating that a deprivation of statutory or constitutional rights occurred. See id.; Humpherys v. Nager, 962 F. Supp. 347, 351 (E.D.N.Y. 1997).

As Plaintiff was advised in the February Order, the allegations contained in the Amended Complaint, which are nearly identical to those contained in the Complaint, are confusing, vague, and conclusory. Plaintiff states that certain of his constitutional and civil rights were violated, but, with one exception, he does not set forth any factual allegations to explain in which way they were violated. Moreover, Plaintiff repeatedly claims that "Defendants" violated his rights, lumping all Defendants, a judge, two prosecutors, a private attorney, and three other individuals, together without specifying what actions were taken, and by whom, to violate his rights. Such allegations are insufficient to meet the pleading requirements under Rule 8 in that

5

they fail to allow the Defendants to form an intelligent defense to the Amended Complaint. See Alfaro Motors, 814 F.2d at 887

Plaintiff does, however, include one supporting fact: that his right to be heard on a motion was violated because "the Judge," who is "obviously a friend of theirs," failed to recuse herself and denied Plaintiff's motion before the District Attorney opposed it. Although not specifically named, the Court, according the Amended Complaint a most liberal reading, assumes Plaintiff is referring to Judge Ruskin. As clearly set forth in the February Order, however, under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) "non-judicial actions, i.e., actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331, reh'g denied, 436 U.S. 951, 98 S. Ct. 2862 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (quoting Stump, 435 U.S. at 356). Once again, given a most liberal reading and accepting the truth of allegations asserted, the Plaintiffs' claims against Judge Ruskin cannot be sustained.

Additionally, not only are Plaintiff's claims against

Trager and Owens, both of whom are Assistant District Attorneys, deficient under Rule 8, but Trager and Owens are immune from suit. It is well-established that prosecutors are immune from civil suits for acts that occur within the scope of the prosecutor's official duties, and that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); see also Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'") (citations omitted); Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986) (discussing prosecutorial immunity for all activities "that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury"). Plaintiff's allegations against Trager and Owens, therefore, are DISMISSED based on Rule 8 and prosecutorial immunity.

III. 42 U.S.C. § 1985

Once again, Plaintiff alleges that Defendants conspired to deprive him of his Constitutional rights. The Court interprets this allegation as a claim pursuant to 28 U.S.C. § 1985 ("Section 1985"). Plaintiff's allegation, however, is wholly conclusory and

7

provides no factual support for a claim of conspiracy. Such allegations are insufficient to state a claim under § 1985. See Srubar v. Rudd, 875 F. Supp. 155, 162 (S.D.N.Y. 1994), aff'd, 71 F.3d 406 (2d Cir. 1995) (stating that a plaintiff claiming a civil rights conspiracy pursuant to 42 U.S.C. § 1985 must put forth more than "vague or conclusory allegations"). Therefore, any Section 1985 claim is DISMISSED. See Gleason v. McBride, 869 F.2d 688, 694-95 (2d Cir. 1989); see also Vertical Broadcasting, Inc. v. Town of Southampton, 84 F. Supp. 2d 379, 389 (E.D.N.Y. 2000).

## CONCLUSION

Given that Plaintiff's Amended Complaint fails to meaningfully address the concerns stated in the Court's February Order, the Amended Complaint is DISMISSED. In light of Plaintiff's pro se status, however, Plaintiff is afforded one final opportunity to submit a complaint that sufficiently states a claim. Plaintiff may file a Second Amended Complaint no later than May 30, 2008. Plaintiff is cautioned, however, that a Second Amended Complaint that fails to adequately address the concerns of this Court will result in dismissal with prejudice and without further warning.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: Central Islip New York
       April  25 , 2008